**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO. 20-CR-** |
| | ) | |
| **v.** | ) | **VIOLATIONS:  18 U.S.C. § 371** |
| | ) | **(Conspiracy to Commit Offenses)** |
| **JAMES PIERCE** | ) | |
| | ) | **18 U.S.C. § 981(a)(1)(C) &** |
| Defendant. | ) | **28 U.S.C. § 2461(c)** |
| | ) | **(Criminal Forfeiture)** |

## INFORMATION

The United States of America hereby charges that:

**COUNT ONE
Conspiracy
(18 U.S.C. § 371)**

*The Conspiracy and its Objects*

1.   From in or around March 2016 through in or around August 2018, in the Southern District of Texas and elsewhere, the defendant, **JAMES PIERCE ("PIERCE")**, did knowingly conspire and agree with others, known and unknown, to commit offenses against the United States, that is: to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, to transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

*Manner and Means of the Conspiracy*

2.   The manner and means by which **PIERCE** and his co-conspirators carried out the conspiracy included, but were not limited to, the following:

3. **PIERCE**, together with his co-conspirators and others, defrauded victims by telling them that, in exchange for an upfront payment, the co-conspirators would arrange for Bank 1 and Bank 2 to issue letters of credit that the victims or third parties could use to obtain financing for commercial transactions. **PIERCE**'s co-conspirators and others also falsely represented that they had access to funds at Bank 1 and Bank 2.

4. **PIERCE**, his co-conspirators, and others obtained fake bank documentation that purported to show that Bank 1 and Bank 2 had issued the documentation as promised, and used these fake documents to defraud victim investors. After the victims' designated receiving banks did not receive actual bank documentation, **PIERCE**'s co-conspirators told the victims material falsehoods, including that Bank 1 and Bank 2 had in fact sent the documentation and that the designated receiving banks had confirmed its receipt. **PIERCE**'s co-conspirators also discouraged the victims from contacting Bank 1 and Bank 2 directly, in order to conceal the fraud. In total, the members of the conspiracy obtained several million dollars from victims through this scheme.

*Acts in Furtherance of the Conspiracy*

5. In furtherance of the conspiracy and to effect the objects thereof, **PIERCE** and his co-conspirators performed or caused the performance of the following overt acts, among others not described herein, in the Southern District of Texas and elsewhere: On or about May 15, 2018, **PIERCE**'s co-conspirator sent an electronic WhatsApp chat message to **PIERCE** requesting that **PIERCE** cause an e-mail to be sent forwarding fraudulent Bank 1 documentation. **PIERCE**'s co-conspirator wrote to **PIERCE**, in part: "Agreed that it will go out today. Correct ?"

All in violation of Title 18, United States Code, Section 371.

**FORFEITURE ALLEGATION**

6. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of conspiracy to commit an offense against the United States, that is, wire fraud, in violation of 18 U.S.C. § 371, as alleged in this Information, the defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.  The property to be forfeited includes, but is not limited to, a money judgment against the defendant equal to the value of any property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

7. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

                  Respectfully submitted,

                  DANIEL S. KAHN
                  Acting Chief, Fraud Section
                  Criminal Division
                  United States Department of Justice

       By:    /s/ Blake C. Goebel
                  Blake Goebel, IL Bar #6303392
                  Trial Attorney, Fraud Section
                  Criminal Division
                  United States Department of Justice
                  1400 New York Avenue, N.W.
                  Bond Building
                  Washington, D.C. 20530
                  (202) 616-5010 (Goebel)
                  Blake.Goebel@usdoj.gov